IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| SHANNON BAILEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV-12-RRA-2806-J |
| ) | |
| ANDERSON MERCHANDISERS, LP, ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION

This is a civil action which was originally filed in the Circuit Court of Walker County, Alabama on May 21, 2012. (Doc. 1-1, p. 1.) The plaintiff, Shannon Bailey, sued Anderson Merchandiser, LP and various fictitiously named defendants, for injuries she allegedly sustained while working at a Wal-Mart warehouse. (Doc. 1-1, p. 6.) The complaint alleges that the plaintiff injured "her left knee when a large quantity of items fell from a pallet onto Plaintiff's lower body." (Doc. 1-1, p. 6.) She alleges that the "pallet of merchandise . . . had been previously selected, stacked, packaged, shipped, and distributed by [d]efendant." (Doc. 1-1, p. 6.) She states that she underwent treatment at the Walker Baptist Medical Center Emergency Room, had reconstructive surgery, and "had to spend two and a half . . . months in a nursing homes until she recovered." (Doc. 1-1, p. 6.) Thereafter, she "was confined to a wheelchair and . . . was required to undergo physical therapy at Rehab South in Jasper, Alabama." (Doc. 1-1, p. 6.) The complaint alleges that due to her injury "she has (1) been under the care of several different doctors; (2) undergone extensive, and often painful, treatment and physical therapy; (3) consumed various prescribed and over-the-counter

medications, per her doctors' instructions; (4) incurred increasing out-of-pocket medical expenses; and (5) suffered mental anguish."  (Doc. 1-1, p. 6.) The plaintiff seeks compensatory and punitive damages.

This case comes before the court on the plaintiff's motion to remand filed.  (Doc. 4.) The only basis for removal is diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Doc. 1, pp. 3-7.)  The parties agree that they are diverse.  However, the plaintiff contends that the defendant cannot show that the amount in controversy is satisfied.

The removing party bears the burden to demonstrate the existence of federal jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n. 5 (11th Cir. 2001). The defendant is not "required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka v. Kolter City Plaza, II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). Instead, the defendant is required only to offer evidence that will facilitate the conclusion that the amount in controversy exceeds the $75,000 jurisdictional threshold. id.

The defendant has presented the affidavit of its counsel, John A. Earnhardt, stating that he has been contacted by counsel for Wal-Mart Stores, Inc.  (Doc. 7-2, p. 2.)  Wal-Mart is not a party to this case, but it is a party to a state court action brought by the plaintiff seeking Worker's Compensation benefits for the same injuries alleged in this case.  (Doc. 7-1, p. 2.)  Mr. Earnhardt's affidavit explains that Wal-Mart's counsel informed him that Wal-Mart has a subrogation claim in the current amount of  that $102,304.33.  (Doc. 7-2, p. 3.) Attached to the affidavit is the email communication sent to Earnhardt by Wal-Mart's counsel.  (Doc. 7-2, p. 5.)  Attached to that email is the letter that Wal-Mart's counsel sent

plaintiff's counsel <u>in this case</u>, wherein Byron McMath informed him that Wal-Mart's lien is $102,304.33. (Doc. 7-2, p. 7.) In response, McMath offered to settle the case with Wal-Mart for $150,000.00. (Doc. 7-2, p. 9.)[1]

In light of these documents, and the injuries stated in the complaint, it seems that there is ample evidence that the value of the compensatory relief alone[2] exceeds the jurisdictional minimum. Wherefore,

it is RECOMMENDED that the motion to remand be denied.

Any party may file specific written objections to this report and recommendation within fourteen (14) days from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fourteen (14) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action. If objections are filed, the opposing party has ten (10) additional days to file a response to the objections.

---

[1] The court is aware that settlement offers are sometimes regarded by courts as mere "puffery." See, Harper v. Marriot Hotel Services, Inc., 3:12-CV-1098-J-12MCR, 2012 WL 6061726 at *4 (M.D. Fla. Dec. 6, 2012) ("Plaintiffs demand for payment of $175,000 to settle the case should be viewed as puffing or posturing and not sufficient to establish by a preponderance of the evidence that Plaintiff's claim more likely than not exceeds $75,000, exclusive of interest and costs, but only that it potentially may exceed that amount.") In the instant case, there is additional evidence of the amount in controversy.

[2] As previously stated, the plaintiff also seeks punitive damages.

DONE this 16th day of January, 2013.

                                                    _____
                                                    Robert R. Armstrong, Jr.
                                                    United States Magistrate Judge